UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　　v.<br><br>JESSICA SPAYD,<br><br>　　　　Defendant-Appellant. | U.S.C.A. No. 23-1303<br>U.S.D.C. No. 3:19-CR-00011-SLG<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF APPELLANT'S MOTION TO STAY APPEAL** |

I, Michael Marks, hereby declare:

1. I am an attorney licensed to practice law in the state of California, the District of Alaska, and the Ninth Circuit.

2. This Court appointed undersigned counsel to represent Ms. Spayd on appeal on July 27, 2023.

3. Ms. Spayd is currently in the custody of the Bureau of Prisons. Her release date is November 14, 2047.

4. The court reporter is not in default.

5. Ms. Spayd filed her opening brief on February 5, 2024. The government filed its response brief on August 26, 2024. The reply brief in this case is currently due October 16, 2024.

6. Former District Judge Joshua Kindred presided over Ms. Spayd's case. Kindred resigned on July 5, 2024, after this Court publicly reprimanded him and concluded he had committed misconduct. The Court found that Kindred had engaged in a sexualized relationship with a law clerk who became an Assistant United States Attorney in the District of Alaska. The Court also found that Kindred had received nude photographs from a more senior AUSA.

7. Neither the Order nor the government identify the law-clerk-turned-AUSA or the senior AUSA.

8. Counsel has requested that the government confirm the identities of these prosecutors, but the government has declined.

9. On July 12, 2024, the government emailed Federal Public Defender Jamie McGrady to disclose 23 cases presenting a potential conflict of interest or appearance of impropriety due to Kindred's improper relationships. The list did not include Ms. Spayd's case.

10. In the July 12, 2024, disclosure, the government stated "we first became aware of the possibility of potential conflicts of interest in late October and early November 2022[.]" The government stated it took "proactive" steps to mitigate any conflicts and informed Chief Judge Sharon Gleason of "all allegations known to us." The government stated it "also requested administrative assignment/reassignment away from Judge Kindred of cases involving three AUSAs and one defense attorney, which the court subsequently did, starting on November 15, 2022 and continuing through Kindred's resignation."

11. Neither undersigned counsel nor anyone at the Federal Public Defender knew about the government's November 2022 request to Judge Gleason. The reason for Kindred's recusals became public only after this Court published its Order on July 8, 2024.

12. On August 2, 2024, the government disclosed to the Federal Public Defender a list of an additional 21 cases in which Judge Kindred may have had an obligation to recuse himself. The list did not include Ms. Spayd's case.

13. On August 27, 2024, the government disclosed to undersigned counsel by email that the U.S. Attorney's Office held a trial preparation meeting on

3

September 22, 2022, and that the senior AUSA referenced in the Ninth Circuit's Order may have attended the meeting. The government stated that the trial team did not recall if she attended the meeting or if she provided any input.

14. In the August 27, 2024, disclosure, the government stated that a former Kindred clerk began her employment at the U.S. Attorney's Office on September 26, 2022. The former clerk attended Ms. Spayd's trial as an audience member and communicated with Kindred via text during the pendency of the trial. The disclosure indicated the texts contained "case-related commentary." The government claimed "[t]he trial team only just learned of these communications."

15. The government disclosed text messages between the former clerk and Kindred under protective order on September 17, 2024.

16. The government disclosed a larger batch of texts under protective order on October 3, 2024.

17. The government stated that they obtained the texts after Ms. Spayd's trial concluded but before her sentencing. The government declined Ms. Spayd's

request to specify whom at the U.S. Attorney's Office knew about the texts and when.

18. Counsel informed the government of its intent to request a stay in this case to file a motion for a new trial.

19. Counsel for Appellee, Assistant United States Attorney Bryan Wilson, indicated that the government does not oppose a stay.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 9th day of October 2024, in Anchorage, Alaska.

Respectfully submitted,

Dated: October 9, 2024　　　　　/s/ Michael Marks
　　　　　　　　　　　　　　　　MICHAEL MARKS
　　　　　　　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　　　　　　　Attorney for Defendant-Appellant
　　　　　　　　　　　　　　　　Office of the Federal Public Defender for
　　　　　　　　　　　　　　　　the District of Alaska
　　　　　　　　　　　　　　　　188 W. Northern Lights Blvd., Suite 700
　　　　　　　　　　　　　　　　Anchorage, AK 99503
　　　　　　　　　　　　　　　　Phone: 907-646-3412
　　　　　　　　　　　　　　　　Email: Michael_Marks@fd.org